# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **REGINALD FALANDOS SMITH,** *Plaintiff,* v. Warden **TREVONZA BOBBITT**, *et al.,* *Defendants.* | **CIVIL ACTION NO. 5:18-cv-00336-TES-CHW** |

## ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 6] to dismiss Plaintiff's claims against Defendant Bobbitt without prejudice and to deny Plaintiff's Motion for Preliminary Injunction [Doc. 5]. [Doc. 6 at p. 11]. Additionally, the magistrate judge recommends that Plaintiff's Eighth Amendment failure to protect claims against Defendants Farley, Kendricks, and Ingram be permitted to proceed. [*Id.*].

## INTRODUCTION

Plaintiff filed a timely objection to the magistrate judge's recommendation pursuant to 28 U.S.C. § 636(b)(1). [Doc. 12]. In light of this objection, the Court makes a *de novo* determination to those portions of the recommendation to which Plaintiff objected. 28 U.S.C. § 636(b)(1)(C). However, notwithstanding the arguments presented in

Plaintiff's objection, the Court, for the following reasons, **ADOPTS** the Recommendation of the United States Magistrate Judge.

### FACTUAL BACKGROUND

In short, Plaintiff alleges that on August 27, 2018, at 5:15 p.m., he informed Officer Wallace that he "needed to use the phone" to report his "roommate's unwanted advances" under the Prison Rape Elimination Act ("PREA"). [Doc. 1 at p. 5]. Officer Wallace left and returned at 5:21 p.m. and informed Plaintiff that he would have to wait until the next day to use the phone per Lieutenant Proser's instructions. [*Id.*]. Sometime between 7:45 and 8:00 p.m. Plaintiff was "choked to sleep" by his cellmate and when he woke up "[his] shirt was ripped" and there was "semen on [his] face, neck, and chest area." [*Id.*]. Plaintiff then "wiped" his chest and neck, and then told Officer Brock that he needed medical and needed to report a PREA incident. [*Id.*]. Plaintiff waited in his cell, with his alleged attacker, from the time of the incident until 2:58 a.m., at which time he was able to report the incident to prison officials. [*Id.*].

### PLAINTIFF'S OBJECTION [Doc. 12]

Plaintiff objects on three grounds. First, Plaintiff contends that the magistrate judge misunderstood the facts as he presented them in his Complaint [Doc. 1].[1] [*Id.* at pp.

---

[1] According to Plaintiff, his Complaint [Doc. 1] did not state that he "washed himself." [Doc. 12 at pp. 1-2]. Rather, Plaintiff states that "he wiped the semen off with a wash cloth, and gave the evidence to a staff member." [*Id.* at p. 2]. A quick review of Plaintiff's Complaint [Doc. 1] puts this discrepancy to rest. The actual text of the complaint provides: "the[re] was semen on my face, neck, and chest area I wiped my chest and neck [and] beat on the door." [Doc. 1 at p. 5]. Plaintiff states that "wiping" the semen off his body was "a necessary procedure to save evidence." [Doc. 12 at p. 2].

1-2]. However, the misunderstanding Plaintiff hopes to remedy in his objection is immaterial and would not have any effect on the magistrate judge's recommendation.

Second, Plaintiff objects to the recommendation of dismissal as to Warden Trevonza Bobbitt for failure to state a claim. Specifically, Plaintiff argues that "Warden Bobbitt has an obligation to house inmates in a safe environment, under the Standard Operating Procedure II B09-0001 Page 3 (A)(6)." [Doc. 12 at p. 2]. Resting on the Standard Operating Procedure, Plaintiff asserts that "it would be improper to dismiss Warden Bobbitt as a defendant, as he did not immediately provide a safe living environment." [*Id.*]. However, as the magistrate judge correctly found, Plaintiff improperly joined Warden Bobbitt as a defendant in relation to his Section 1983 claims. [Doc. 6 at p. 9].

Claims asserted under 42 U.S.C. § 1983 require "proof of an affirmative causal connection between the actions taken by a *particular person* under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (quoting *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982)) (emphasis added). Aside from the caption of his complaint and its prayer for relief (the *only* two portions of Plaintiff's complaint that actually mention Warden Trevonza Bobbitt), Plaintiff's facts as presented (even liberally construed) do not present any allegation concerning Warden Bobbitt and therefore do not plead any cause of action against him. [Doc. 1 at pp. 1, 6].[2]

---

[2] Additionally, Plaintiff's Motion for Emergency Preliminary Injunction [Doc. 5] (which the magistrate judge construed as a motion to amend complaint) likewise fails to connect this case's factual allegations to Warden Bobbitt.

Plaintiff's filings do not allege that Defendant Bobbitt *personally* failed to protect Plaintiff. Therefore, to impose liability on Defendant Bobbitt for his subordinates' alleged constitutional violations, Plaintiff must establish Defendant Bobbitt's liability in a supervisory capacity. "It is well established . . . that supervisory officials are [not liable] under [Section] 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'" *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994)). Therefore, Defendant's Bobbitt's position as warden does not automatically create liability. *See Harlety*, 193 F.3d 1263, 1269 (11th Cir. 1999) (personal participation in the alleged constitutional violation by the supervisor or a causal connection between the supervisor and the alleged constitutional violation are required for liability).

This causal connection can be established in two ways. First, where a "history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged constitutional deprivation, and he fails to do so" or second, by a supervisor's "improper custom or policy . . . [that] result[s] in deliberate indifference to constitutional rights." *Id.* (internal quotations omitted). Even if "the causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so" the standard by which a supervisor can be held liable for the acts of a subordinate is "extremely rigorous." *Id.*; *see also Doe v. Sch. Bd. of Broward Cty.*, 604 F.3d 1248, 1266 (11th Cir. 2010) (quoting *Braddy*

4

*v. Fla. Dep't of Lab. & Emp. Sec.*, 133 F.3d 797, 802 (11th Cir. 1998). A few isolated incidents of assault will not suffice. *See Valdes v. Crosby*, 450 F.3d 1231, 1244 (11th Cir. 2006).[3]

To the extent Plaintiff's letter [Doc. 12-1] attached to his objection could be construed as giving not only Defendant Kendricks notice, but Warden Bobbitt as well, this letter was not presented to the magistrate judge for consideration. Accordingly, the Court exercises its discretion and declines to consider any potential arguments Plaintiff attempts to make via his letter to Defendant Kendricks. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (finding district courts have discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge but was instead raised for the first time in the party's objections to the magistrate judge's report and recommendation.). Moreover, this letter was written *after* the magistrate judge's recommendation, therefore, Warden Bobbitt—even with any notice presumably provided by Plaintiff's October 30, 2018 letter—could not have possessed sufficient knowledge of an alleged constitutional deprivation by his subordinates or failed to correct such deprivation.[4] Without establishing this casual connection, Warden Bobbitt is

---

[3] In *Valdes*, the district court denied a prison official's summary judgment motion where inmate abuse by the guards was not an "isolated occurrence," but occurred with "sufficient regularity as to demonstrate a history of widespread abuse." 450 F.3d 1231, 1244 (11th Cir. 2006). The court based its reasoning on the fact that the prison warden was placed on notice after receiving "numerous complaints and inquiries" in the year and a half preceding the plaintiff's son's death at the hands of prison guards along with repeated warnings from the outgoing warden concerning the prison's problems with specific guards using excessive force on prisoners. *Id.* at 1242.

[4] Nothing in Plaintiff's filings (his original complaint or his motion for injunctive relief) indicates that he told Warden Bobbitt or that Warden Bobbitt should have been or was aware of the past sexual incidents in which Plaintiff was involved at previous facilities. Without more, these statements are mere conclusory

5

an inappropriate party to this action, and the Court agrees with the conclusion of the United States Magistrate Judge and **DISMISSES** Defendant Warden Trevonza Bobbitt **without prejudice**.

Third, Plaintiff objects to the magistrate judge's denial of his motion for preliminary injunction. [Doc. 12 at pp. 3-4]. Having considered this portion of Plaintiff's objection, the Court finds that it fails to overcome the United States Magistrate Judge's reasoning that Plaintiff failed to meet the requirements for preliminary injunctive relief. *See* [Doc. 6 at pp. 9-10]. [Doc. 12-1 at pp. 3-4]. Plaintiff's objections regarding his request for injunctive relief discuss Plaintiff's "past ties to a gang" and detail past actions of "sexual assault[s]." [*Id.* at p. 3]. The fact that Plaintiff's complaint alleges an incident involving his cellmate yet his objection alleges threats from gang members engenders confusion. *See* [*id. in connection with* Doc. 1 at p. 5]. From this, Plaintiff is unable to meet his burden of showing a threat of irreparable injury. *See Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). Thus, the Court finds that the conclusory allegations embedded in Plaintiff's filings fail to carry his burden of persuasion as to the four prerequisites necessary for a district court's grant of preliminary injunctive relief. *See Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir.

---

allegations and are not entitled to the assumption of truth. *McCullough v. Finley*, No. 17-11554, 2018 WL 5318146, at *5 (11th Cir. Oct. 29, 2018). Again, any attempt to put Warden Bobbitt on notice *after* Plaintiff initiated his lawsuit would not permit his claim against Warden Bobbitt to proceed further. These allegations must have first been presented to the magistrate judge for consideration or else Plaintiff's new assertions and arguments effectively reduce "the magistrate judge's role . . . to that of a mere dress rehearser" before his case reaches the district court judge for adjudication. *Williams*, 557 F.3d at 1292.

2003). Accordingly, the Court agrees with the recommendation of the United States Magistrate Judge and **DENIES** Motion for Emergency Preliminary Injunction [Doc. 5].

**CONCLUSION**

For the reasons stated above and for those enumerated by the United States Magistrate Judge, the Court **ADOPTS** the Recommendation [Doc. 6] and **MAKES IT THE ORDER OF THE COURT**. Accordingly, the Court **DISMISSES** Defendant Warden Trevonza Bobbitt **without prejudice** and **DENIES** Plaintiff's Motion for Emergency Preliminary Injunction [Doc. 5]. However, Plaintiff's Eighth Amendment failure to protect claims against Defendants Farley, Kendricks, and Ingram may proceed for further factual development.

**SO ORDERED**, this 19th day of November, 2018.

S/ Tilman E. Self, III
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT